[No. 7077.—In Bank.]
May 26, 1882.

## THE STOCKTON SAVINGS AND LOAN SOCIETY *v.* J. S. DONNELLY ET AL.

FORECLOSURE OF MORTGAGE—ATTORNEY'S FEE.—Action to foreclose a mortgage which provided for payment of an attorney's fee "to become payable on filing the complaint for foreclosure." After the commencement of the suit the defendant paid the principal, interest, and Court costs,

but not the attorney's fee; but was informed by the plaintiff that there was an attorney's fee due which he would have to pay before the mortgage would be satisfied or the suit dismissed.

*Held:* The plaintiff was entitled to proceed with the action to enforce the payment of the attorney's fee.

ID.—ID.—The cause was tried before a jury which returned a verdict for the plaintiff for one hundred and twenty-one and forty-five one hundredths dollars, on which the Court entered a decree in favor of the plaintiff for the sum mentioned.

*Held:* It was the province of the Court to fix the amount of the attorney's fee, but as the Court adopted as correct the amount returned by the jury, the amount may be considered as having been fixed by the Court.

APPEAL from a judgment for the plaintiff, and from an order denying a motion for a new trial, in the Fifth District Court of the County of San Joaquin. BOOKER, J.

*Byers & Elliott,* for Appellants.

The note being paid, no cause of action existed. The attorney fee was no cause of action. The mortgage can not be offered in evidence until the debt, for which it is given to secure, is proven. (*Bennett* v. *Taylor et al.,* 5 Cal. 502; *Carriere* v. *Minturn et al.,* 5 id. 436; *Nagle* v. *Macy,* 9 id. 428; *Henley et al.* v. *Hotaling et al.,* 41 id. 28; *Patterson* v. *Donner,* 48 id. 380.)

*F. J. Baldwin* and *W. L. Dudley,* for Respondents.

The defendant contests the judgment upon the sole ground that he having paid the note which the mortgage was given to secure, such payment operated as an extinguishment of the mortgage, notwithstanding his covenant to pay an attorney's fee, and notwithstanding his express agreement that the suit should not be dismissed nor mortgage satisfied until it was paid.

The cases upon which the appellant relied in the Court below, to wit: *McMillen* v. *Richards,* 9 Cal. 365; and *Carriere* v. *Winturn,* 5 id. 435, have no application to the case in hand. The amount, to become due, as an attorney's fee, upon instituting suit to foreclose, was fixed in the mortgage, and became an obligation of the defendant, as much as the note itself, whether the fee be treated as the cause of action, or a mere incident to it, like costs.

Ross, J.:

This action was commenced to foreclose a mortgage given to secure the payment of a promissory note executed by the defendant to the plaintiff. The mortgage contains this clause: " In case default be made in the payment of the said principal, or any installment of interest, as provided, the whole sum of principal and interest shall be due at the option of the said party of the second party, and suit may be immediately brought and a decree be had to sell the said premises, with all and every of the appurtenances, or any part thereof, in the manner prescribed by law, and out of the money arising from such sale, to retain the said principal and interest, although the time for payment of said principal sum may not have expired, together with the costs and charges of making such sale, and of suit for foreclosure, including counsel fees at the rate of seven (7) per cent. upon the amount which may be found to be due for principal and interest, by the said decree (or upon said note and this mortgage, in case the suit is settled before judgment be recovered, to become payable on filing a complaint for foreclosure) and the overplus, if any there be, shall be paid by the party making such sale, on demand, to the said party of the first part, his heirs or assigns."

By an Act approved March 27, 1874, the legislature provided that " in all cases of foreclosure of mortgage the attorney's fee shall be fixed by the Court in which the proceedings of foreclosure are had, any stipulation in said mortgage to the contrary notwithstanding." (Stats., 1873–74, p. 707.)

The default of the defendant in the payment of the money due upon the note caused the commencement of the action, and when thus commenced the plaintiff became, under the terms of the mortgage, entitled to a lien on the mortgaged premises as security for the payment of a reasonable attorney's fee. The record shows that some time after the foreclosure suit was brought, the defendant paid the principal, interest, and Court costs, due the plaintiff, but did not pay the attorney's fee incurred by the plaintiff in the prosecution of the action. Respecting that, the transcript shows that at the time the defendant made the payment he was informed by the plaintiff that there was an attorney fee due which de-

fendant would have to pay before the mortgage would be satisfied or the suit dismissed—to which defendant responded, in substance, that he would see the attorney of the plaintiff and arrange the matter with him, as he thought he could do better with the attorney than with the plaintiff. But defendant did not pay the attorney, and his position now is, that as he paid, and the plaintiff accepted, the principal and interest due on the note, together with the Court costs incurred in the action of foreclosure, and the note was surrendered to defendant, the action could not proceed for the enforcement of payment of the plaintiff's attorney's fee. In this position we can not sustain defendant. His default created the necessity for the suit, and on the commencement of the suit the lien arose by the terms of his contract. That lien was never discharged by payment, nor waived nor surrendered.

It appears, from the record, that the cause was tried in the Court below before a jury which returned a verdict for the plaintiff for one hundred and twenty-one dollars and forty-five cents, on which the Court entered a decree in favor of the plaintiff for the sum mentioned, with costs, and directing the property to be sold for its payment. It was the province of the Court to fix the amount of the attorney's fee, and the verdict of the jury was, at most, but advisory. But as the Court adopted as correct the amount returned by the jury, we think the amount may be considered as having been fixed by the Court.

Judgment and order affirmed.

Thornton and McKinstry, JJ., and Morrison, C. J., concurred.